UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PANOCHE CREEK PACKING, INC.,

Plaintiff,

v.

GREAT HOST INTERNATIONAL, INC.,

Defendant.

No.  1:24-cv-00843-SKO

ORDER DIRECTING THE CLERK OF COURT TO CLOSE THE CASE

(Doc. 36)

On February 13, 2026, the parties filed a joint stipulation dismissing the action without prejudice.[1]  (Doc. 36.)  In light of the parties' stipulation, this action has been terminated, *see* Fed. R. Civ. P. 41(a)(1)(A)(ii); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997), and has been dismissed without prejudice.  Accordingly, the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

---

[1] The parties' stipulation also requests that the Court "retain jurisdiction to enforce the terms of the settlement agreement between the Parties and exercise ancillary jurisdiction to enforce the agreement and/or enter the Stipulated Judgment." (Doc. 36 at 3.)  This is not the first time the parties have made this request, which was declined.  (*See* Docs. 32 & 33.)  The Court in its discretion again declines to adopt this portion of the stipulation, as the parties have not shown that exercising jurisdiction over their settlement agreement is "essential to the conduct of federal-court business." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 381 (1994). *See Camacho v. City of San Luis*, 359 F. App'x 794, 798 (9th Cir. 2009); *see California Sportfishing Prot. All. v. Agric. Mgmt. & Prod. Co., Inc.*, No. 2:14-cv-02328-KJM-AC, 2016 WL 4796841, at *1 (E.D. Cal. Sept. 14, 2016) (noting that "the court in its discretion typically declines to maintain jurisdiction to enforce the terms of the parties' settlement agreement."). *See also ASA Enter., Inc. v. Stan Boyett & Son, Inc*., No. 1:21-CV-00915-CDB, 2023 WL 1767735, at *2 (E.D. Cal. Feb. 3, 2023) (declining to retain jurisdiction over a settlement agreement and a "proposed stipulated judgment calling for a monetary award that resolves a dispute between private parties," observing that "unlike traditional consent decrees implicating a federal question, [it] does not require or warrant this Court's supervision.") (citing *Wigton v. Murphy*, 410 F. Supp. 3d 1121, 1122 (D. Mont. 2019)).

Dated:   **February 13, 2026**                     /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE